IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FANNIE L. BOLDEN, on her
behalf and all others similarly
situated,

    Plaintiff,

v.    No. 03-2827 B

AAMES FUNDING CORP., and
AAMES HOME LOANS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Fannie L. Bolden, brought this action on behalf of herself and all others similarly situated[1] alleging that the Defendants, Aames Funding Corp. and Aames Home Loans (collectively referred to as "Aames" or "Defendants") violated the Truth in Lending Act of 1995 ("TILA"), 15 U.S.C. § 1601 et seq., the Home Ownership Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1602(aa) et seq., and the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101 et seq. in the course of providing her a loan. On October 14, 2005, Magistrate Judge Diane K. Vescovo entered an order allowing counsel for the Plaintiff to withdraw. As a result of that order, the Court set a status conference for November 15, 2005 to determine the status of the case.

Prior to the status conference, Plaintiff informed the Court's courtroom clerk that she could not appear based upon her physical incapacity. In addition, she stated that she did not

---

[1] The Court notes that although the Plaintiff styled this lawsuit as a class action, a class has not been certified by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-12-05



desire to continue with the instant litigation but that she was unable to submit anything to the Court on her own. As a result of these communications, the Court entered an order resetting the status conference with the Plaintiff and defense counsel to December 8, 2005 at 3:00. The Court admonished Bolden that

> [i]f Plaintiff does not appear at that status conference or does not otherwise respond to the Court's directive, such failure to appear or respond may result in the Court imposing sanctions, including a dismissal of her claim for failure to prosecute. If the Plaintiff is, for medical reasons, unable to appear, she will be required to present such documentation to the Court prior to December 8. Again, failure to do so may constitute grounds for a dismissal of her lawsuit.

(Order at 2.) At the conference, attorneys representing the Defendant appeared, but neither Bolden nor counsel on her behalf appeared. Further, according to the Court's docket, the Plaintiff has filed no response to the November 14, 2005 show cause order.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to

2

manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that its failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has failed to retain new counsel or make any effort whatsoever to move this case forward. Moreover, Plaintiff has expressly indicated her desire that this litigation not proceed. As a result of Bolden's dilatory conduct, Defendant's motion for summary judgment has been pending for more than five months. Clearly, the necessity of monitoring a case that the Plaintiff has willingly permitted to languish works some hardship on the Defendant. In addition, the Plaintiff was cautioned in no uncertain terms in the Court's show cause order the ramifications of any failure to comply therewith. Finally, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter.

3

Based on the foregoing, the plaintiffs' lawsuit is hereby DISMISSED.

IT IS SO ORDERED this 12th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:03-CV-02827 was distributed by fax, mail, or direct printing on December 12, 2005 to the parties listed.

---

Stephen P. Hale
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

Buffey Klein
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

Fannie L. Bolden
2132 Clarksdale
Memphis, TN 38108

Honorable J. Breen
US DISTRICT COURT